**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MILTON DURHAM,<br><br>                Petitioner,<br><br>v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,<br><br>                Respondents. | Civil Action No. 18-14901 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Petitioner's Petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. (ECF No. 1, 16-2.)[1] Following an order to answer, Respondents filed a response to the Petition. (ECF No. 12.) For the following reasons, this Court will dismiss the Petition for lack of habeas jurisdiction, and will deny Petitioner a certificate of appealability.

**I.      BACKGROUND**

On September 16, 2013, Petitioner made statements which threatened a female prison investigator with sexual acts and physical violence. (*See* ECF No. 12-2 at 140.) Petitioner was thereafter charged with both making sexual threats against the investigator and threatening her

---

[1] Petitioner filed his initial habeas petition in October 2010. (ECF No. 1.) He thereafter sought and was granted leave to amend his petition to name additional Respondents following various prison transfers. (*See, e.g.,* ECF Nos. 16-2, 18). As Petitioner's amended petition was filed only to change one of the named Respondents, this Court construes the original and amended petition together as Petitioner's single Petition in this matter.

with physical harm. (*Id.*) Following a disciplinary hearing at which Petitioner presented the testimony of two fellow inmates, Petitioner was found guilty of both charges and was "sanctioned to fifteen days detention [for each of the two charges], with credit for time served [while awaiting the hearing], . . . 180 days administrative segregation [on the violent threat charge,] . . . ninety days administrative segregation [on the sexual threat charge], and thirty days loss of recreation privileges." (*Id.* at 141.) Petitioner did not lose any commutation or good time credits as a result of those charges.[2] (*Id.*)

Petitioner filed an administrative appeal, which was denied, albeit in an untimely fashion. (*Id.* at 141-42.) Petitioner thereafter filed an appeal to the Appellate Division of the New Jersey Superior Court, which affirmed the disciplinary findings and imposed sanctions, and found that Petitioner was not prejudiced by the tardy decision in his prison disciplinary appeal. (*Id.* at 142.) Petitioner thereafter filed a petition for certification, which was denied in January 2018. (*Id.* at 161-62.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state courts. *See Eley v. Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are

---

[2] Respondents suggest that Petitioner was not sanctioned with lost commutation credits in this matter as he had previously been stripped of all of his commutation credits in previous disciplinary proceedings. (*See* ECF No. 12-1 at 12 n. 3).

2

required to give great deference to the determinations of the state courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015).

### III. DISCUSSION

In this matter, Petitioner seeks to use habeas corpus to challenge the outcome of a prison disciplinary proceeding in which he was not sanctioned with the loss of any good time or other credits towards the length of his sentence. Respondents argue that this Court lacks habeas jurisdiction to address Petitioner's claims as the outcome of his disciplinary proceeding had no affect upon the fact or duration of his confinement. This Court agrees.

There are two mechanisms through which a prisoner may raise claims based on alleged violations of his rights arising out of a prison disciplinary proceeding in federal court – a habeas petition or a civil suit brought pursuant to 42 U.S.C. § 1983. A prisoner may only proceed with a habeas petition where his claim directly challenges either the "fact or duration" of his confinement, while those claims which do not affect the fact or duration of his confinement, including those arising out of a prison disciplinary proceeding, must instead be brought pursuant to § 1983. *See Tucker v. Shartle*, No. 13-1590, 2013 WL 1704407, at *1 (D.N.J. Apr. 18, 2013); *Thompson v.*

*Maurer*, No. 04-5140, 2006 WL 517686, at *2 (D.N.J. Mar. 2, 2006); *see also Muhammad v. Close*, 540 U.S. 749 (2004); *Edwards v. Balisok*, 520 U.S. 641 (1997); *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The outcome of a prison disciplinary proceeding will only affect the "fact or duration" of a prisoner's confinement where it has a direct affect upon the *length* of a prisoner's sentence – such as where the prisoner lost good time or other credits which shorten a prisoner's prison term. *Tucker*, 2013 WL 1704407 at *1; *Thompson*, 2006 WL 517686 at *2. Where a prisoner presents a challenge to a disciplinary proceeding which did not have an effect upon the length of his detention in a habeas petition, a court must dismiss that claim for lack of habeas jurisdiction, and Petitioner may only raise such a challenge through a civil rights action. *Tucker*, 2013 WL 1704407 at *1; *see also Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (where a "finding in plaintiff's favor [on a challenge to a prison condition] would not alter his sentence or undo his conviction, an action under § 1983 is appropriate," not a habeas petition); *Castillo v. FBOP FCI Fort Dix*, 221 F. App'x 172, 175 (3d Cir. 2007) (habeas may be used only to challenge disciplinary proceedings which affect the fact or length of detention, such as where good time credits were lost as a sanction, but may not be used to challenge lesser sanctions which dop not affect the length of a prisoner's sentence). As Petitioner was not sanctioned with the loss of good time credits in the underlying disciplinary proceedings challenged in this matter, and as the sanctions Petitioner did receive did not affect the fact or length of his criminal detention, this Court lacks habeas jurisdiction over his claims. *Tucker*, 2013 WL 1704407 at *1. Petitioner's habeas petition must therefore be dismissed without prejudice to Petitioner attempting to raise his disciplinary challenges in a civil rights complaint.[3]

IV. **CERTIFICATE OF APPEALABILITY**

---

[3] This Court expresses no opinion on the merits or timeliness of any such claims should Petitioner choose to seek relief under § 1983.

4

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "[A petitioner] satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude [that] the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because it is clear that this Court has no jurisdiction to consider Petitioner's claims in a habeas petition for the reasons expressed above, his habeas petition is not adequate to receive encouragement to proceed further, and this Court therefore denies Petitioner a certificate of appealability.

## V. CONCLUSION

In conclusion, Petitioner's Petition (ECF No. 1, 16-2) is **DISMISSED**, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE